UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HENRY BUILDERS, INC., AVERY ENTERPRISES, INC., HKL ENTERPRISES, LLC., STANLEY HENRY, JULIE HENRY, EMILY S. HENRY, JULIE ANN HENRY, and HILDA ROBBINS,

           Plaintiffs,

      - against -

UNITED STATES OF AMERICA, HENRY M. PAULSON, In his capacity as Secretary of the Treasury, J.P. MORGAN CHASE, BAYVIEW LOAN SERVICING, LLC, and OPTION ONE MORTGAGE CORPORATION,

           Defendants.

-------------------------------------------------------------------X

**DECISION AND ORDER**

1:09-cv-0288-ENV-JMA

**VITALIANO, D.J.**

    Plaintiffs Henry Builders, Inc., Avery Enterprises, Inc., HKL Enterprises, LLC., Stanley Henry, Julie Henry, Emily S. Henry, Julie Ann Henry, and Hilda Robbins bring this action against the United States, former Secretary of the Treasury Henry Paulson, J.P. Morgan Chase, Bayview Loan Servicing, LLC, and Option One Mortgage Corporation (the latter four, hereinafter, the "financial institution defendants"). Plaintiffs allege, at bottom, that the Emergency Economic Stabilization Act of 2008 ("the Act"), and specifically, the Troubled Assets Relief Program ("TARP") it established, violates the Fifth and Fourteenth Amendments to the United States Constitution, and seek wide-ranging injunctive and declaratory relief and damages. Because plaintiffs lack standing to prosecute these claims and no amendment will remedy that deficiency, the Court denies plaintiffs' request for a temporary restraining order and dismisses their constitutional challenge with prejudice.

I.  **DISCUSSION**

Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III" of the Constitution. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Baur v. Veneman, 352 F.3d 625, 631 (2d Cir. 2003). The "irreducible constitutional minimum of standing contains three elements." Lujan, 504 U.S. at 560. First, a plaintiff must allege that she has suffered an "injury in fact;" that is, "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Id. Second, "there must be a causal connection between the injury and the conduct complained of;" in other words, "the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court." Id. Third, it must be "likely . . . that the injury will be redressed by a favorable decision." Id. at 561.

It is the burden of the party invoking federal jurisdiction to establish these three elements. Id. "[A]t the pleading stage, standing allegations need not be crafted with precise detail." Baur, 352 F.3d at 631 (citing Lujan, 504 U.S. at 561)). However, if a plaintiff fails to satisfy the Article III standing requirements, a court will not have subject matter jurisdiction to hear his claim and may dismiss the action *sua sponte*. Central States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care L.L.C., 433 F.3d 181, 198 (2d Cir. 2005); see DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 340 (2006); Westmoreland Capital Corp. v. Findlay, 100 F.3d 263, 266 (2d Cir. 1996).

Plaintiffs are several New York corporations and resident homeowners who allege they have been "significantly impacted" by the nation's current dire economic condition. (Compl. ¶ 11.) They argue that the Act, which empowers the Secretary of the Treasury to purchase or insure troubled assets held by financial institutions, violates the Constitution's guarantee of equal protection because plaintiffs -- who, in common with the whole of the population and millions of the nation's businesses, are not financial institutions -- are ineligible for relief under the Act's provisions. (Compl. ¶ 33.) In

sum, plaintiffs charge that TARP is the equivalent of a financial "bridge to nowhere" and that they are aggrieved because Congress did not build one for them too.

Assuming the truth of their alleged statutory ineligibility,[1] plaintiffs nevertheless do not establish a "concrete and particularized" injury in fact, which is required by Article III. As the Supreme Court has noted, in order for an injury to be particularized, it must "affect the plaintiff in a personal and individual way." Lujan, 504 U.S. at 560 n. 1. That is, "standing cannot be predicated upon an injury the plaintiff suffers in some indefinite way in common with people generally." Cuno, 547 U.S. at 344 (quoting Frothingham v. Mellon, 262 U.S. 447, 488 (1923)). However, this is precisely the situation in which plaintiffs are positioned. Plaintiffs do not and cannot plead that they are in any way particularly harmed by the Act, or affected in any way more concretely by it, than any American. There is no hint on the face of the totality of their pleading that plaintiffs have been excluded from TARP based upon a suspect classification that treats them differently than everyone else TARP purportedly excludes. Plaintiffs' claims, much like those found in suits brought by taxpayers to challenge certain expenditures of federal funds, are "shared with millions of others," Frothingham, 262 U.S. at 487, and seek to invade "policy judgment[s] committed to the broad and legitimate discretion of lawmakers, which the courts cannot presume either to control or to predict," Cuno, 547 U.S. at 345.

This is not to say that plaintiffs have no general interest in the substance of the Act, or that they are not impacted in some indefinite way by its application. It is rather to state simply that such an "injury" -- which is no different in kind than that which is worked on all Americans any time the Congress exercises its power over the national fisc to fund one program or policy but not others -- is not judicially cognizable. See Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 220 (1974). The Supreme Court has "consistently held" that in such cases, where a plaintiff raises "only a generally available grievance about government -- claiming only harm to his and every citizen's

---

[1] Plaintiffs do not plead that they actually have attempted to apply for TARP funds or that they have been held ineligible by the Secretary of the Treasury to receive them.

3

interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large -- [he] does not state an Article III case or controversy." Lance v. Coffman, 549 U.S. 437, 439 (2007) (quoting Lujan, 504 U.S. at 573-74); Ex parte Levitt, 302 U.S. 633, 634 (1937). And so it is here.[2]

Courts "have an obligation to assure [them]selves of litigants' standing under Article III." Cuno, 547 U.S. at 340; see also Westmoreland Capital Corp., 100 F.3d at 266 (courts may raise questions of subject matter jurisdiction *sua sponte*). Plaintiffs' lack of standing deprives the Court of subject matter jurisdiction over this action and mandates its dismissal. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 109-10 (1998); Central States, 433 F.3d at 198; see Fed. R. Civ. P. 12(h)(3). Further, because any amendment to remedy the complaint's fundamental deficiency would be futile, the Court declines to afford leave to amend any of the constitutional challenges it pleads and dismisses the complaint with prejudice. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## II. CONCLUSION

For the foregoing reasons, plaintiffs' request for a temporary restraining order is denied and their complaint is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
January 26, 2009

ERIC N. VITALIANO
United States District Judge

---

[2] Plaintiffs' subsidiary assertions and allusions do not save their complaint. Just as plaintiffs lack standing to attack the Act's constitutionality, so too, are they inadequately stationed to challenge, pursuant to the judicial review provisions of the Act, 12 U.S.C. § 5229(a)(1), the actions of the Secretary of the Treasury in dispersing TARP funds to third parties. See, e.g., Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, n. 24 (1982). Likewise, plaintiffs' request that the Court find in their constitutional challenge to the Act the power to enjoin the financial institution defendants from demanding payment of any monies owed to them by plaintiffs under any mortgage obligation between them, and to enjoin those defendants from initiating any court proceedings against them, lacks any basis in law. To the extent that plaintiffs can assert causes of action against some or all of the defendants on a basis not rooted in their constitutional challenge, they have not attempted to do so, nor have they shown a jurisdictional peg for any such claim.